IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD BYNUM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL NUTTER; M. FARRELL;** | : | |
| **MAJOR ABELLO; and LOUIS GIORLA:** | | **NO. 15-2406** |

**MITCHELL S. GOLDBERG, J.**                    **NOVEMBER 28, 2016**

## MEMORANDUM OPINION

*Pro se* plaintiff Richard Bynum brings this action under 42 U.S.C. § 1983 ("section 1983"). He alleges violations of his constitutional rights while incarcerated within the Philadelphia Prison System ("PPS"). Defendants, represented by the City of Philadelphia Law Department ("City"), have filed a motion to dismiss. Bynum did not respond to the City's motion. However "a motion to dismiss under Rule 12(b)(6) should not be granted without an analysis of the underlying complaint, notwithstanding local rules regarding the granting of unopposed motions." *Ray v. Reed*, 240 F.App'x 455, 456 (3d Cir. 2007) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (a motion to dismiss for failure to state a claim should not be dismissed solely because the motion is unopposed - before dismissal a court should analyze the complaint to determine if it does, in fact, state a claim)).

Accordingly, the facts in Bynum's complaint and the City's motion to dismiss have been considered on the merits. For the reasons described below, the motion to dismiss will be granted, and Bynum will be given leave to file an amended complaint.

## I.    FACTUAL BACKGROUND

Bynum asserts claims against defendants acting as supervisors: Michael Nutter, the former

Mayor of Philadelphia; Michele Farrell, former Warden of Curran-Fromhold Correctional Facility; Frederick Abello, Deputy Warden of Curran-Fromhold Correctional Facility; and Louis Giorla, the former Commissioner of the Philadelphia Prison System. The City filed its motion to dismiss on behalf of all defendants.

Bynum claims that his constitutional rights were violated as a result of overcrowded prison conditions, commonly referred to as a "triple celling" claim. The entirety of the facts alleged in the complaint are as follows:

> "Forced into a 3 man cell. Filthy conditions. Panic buttons inoperable. Severe overcrowding. Inadequate law library access. Administration doubles capacity and sells phone time, doesn't put in more phones. Locked in 80% of the time. Not enough shower for everybody. Conditions promote violence. Filthy molder [sic] air ducts blow dirty air [and] sicken everyone on the block." [1]

## II.     STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Bynum wrote his complaint using the Eastern District of Pennsylvania's form Complaint under the Civil Rights Act, 42 U.S.C. § 1983, revision date 10/2009. The form leaves blank spaces for petitioners to fill in required information, such as defendants' names and addresses, and basis for jurisdiction. Section II of the form ("Statement of Claim") instructs petitioners to "[s]tate as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of the complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary." (emphasis in original)

statements," do not establish a plausible allegation. *Id.* Where, as here, the plaintiff is proceeding *pro se*, "the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

While *pro se* plaintiffs cannot be held to as high a pleading standard as other litigants, the Court cannot infer facts central to plaintiff's claims that are not stated in the complaint or other documents before the Court. *See, e.g., Hamilton v. Jamieson*, 355 F. Supp. 290, 298 (E.D. Pa. 1973); *Wells v. Brown*, 891 F. 2d 591, 592-594 (6th Cir. 1988) (collecting cases where courts have required *pro se* litigants to adhere to basic pleading requirements); *Case v. State Farm Mutual Automobile Insurance Co.*, 294 F.2d 676, 678 (5th Cir. 1961) ("[T]here is no duty [on the part] of the trial court or appellate court to create a claim which appellant has not spelled out in his pleading").

## III.  DISCUSSION

The City's motion to dismiss asserts two reasons the complaint fails to state a claim: (1) because Bynum fails to allege an underlying constitutional violation, and (2) that defendants are not liable because Bynum failed to allege their "personal involvement" in the alleged constitutional violations.

### 1.  Failure to Allege a Constitutional Violation - Triple Celling

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). It is unclear whether Bynum was a convicted inmate or a pre-trial detainee at the time the events in his complaint took place, however he has failed to allege a violation under either standard.

Bynum's complaint states only that he was placed in a three man cell, that the overcrowded conditions were unsanitary and unsafe, and that he had inadequate law library, phone, and shower access.

If Bynum was a convicted inmate at the time his complaint was filed, the Eighth Amendment "has been interpreted to require that a convicted inmate's basic needs for nutrition and shelter are met." *Hassine v. Jeffes*, 846 F.2d 169, 174 (3d Cir. 1988). Not all "deficiencies and inadequacies in prison conditions" will result in a violation of a prisoner's constitutional rights. *Allah v. Ricci*, 532 F.App'x 48, 50-51 (3d Cir. 2013) (the alleged deprivation must be "sufficiently serious"). The prison conditions, alone or in combination, must not "deprive inmates of the minimal civilized measure of life's necessities." *Hassine* at 175 (quoting *Union County Jail Inmates v. Di Buono*, 713 F.2d 984, 999 (3d Cir. 1983)). A prisoner's constitutional rights are violated when they are incarcerated under conditions that pose a "substantial risk of serious harm" and prison officials demonstrated "deliberate indifference" to the inmate's health or safety. *Allah* at 51 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *See also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("Conditions must not involve the wanton and unnecessary infliction of pain"). Here, the facts alleged in the complaint are not sufficient to show that Bynum's basic needs were not met or that he was inflicted with unnecessary pain in order to prove a violation of the Eighth Amendment.

If Bynum was a pre-trial detainee at the time the events in his complaint took place, his condition of confinement claim is analyzed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which proscribes pre-trial punishment. *Bell v. Wolfish*, 441 U.S. 520, 534 (1979). A condition of confinement is unconstitutional punishment if it results from an express intent to punish or is not rationally related to a legitimate governmental purpose. *Id.* at 538-39. In order to assess whether triple celling is rationally related to the government purpose of managing an overcrowded prison, a district court must "look to the totality of the conditions" specific to the prison at issue, "including the size of the detainee's living space, the length of confinement, the amount of time spent

in the confined area each day, and the opportunity for exercise." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008).

Without more detailed facts, it is impossible to assess the totality of the circumstances of the prison conditions Bynum experienced. For instance, there are no facts alleged regarding the cell conditions or the length of confinement.[2] The facts in Bynum's complaint do not show that the conditions were intended to punish or were not rationally related to a legitimate government purpose in order to prove a violation under the Fourteenth Amendment.

### 2. Personal Involvement of the Supervisor Defendants and/or Deliberate Indifference to an Unconstitutional Policy

Section 1983 provides a remedy for deprivation of rights established in the Constitution or by federal law. To state a claim under section 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). While, "[g]overnment officials may not be held liable [under section 1983] for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First. Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Supervisor-defendants may be liable if (a) they were personally involved in the constitutional violation, *i.e.* they participated in it, directed others to commit it, or had actual knowledge of and acquiesced in it. *Id.* Supervisor-defendants may *also* be liable if (b) "they, 'with deliberate

---

[2] Bynum does assert that he was "locked in 80% of the time," but without elaboration on what this statement specifically means, I am unable to conclude that this is sufficient to establish an unconstitutional prison condition, either alone or in combination with other facts alleged.

indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm.'" *Id. (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Although there are two ways supervisors may be found liable for a § 1983 constitutional violation, the City only addresses the personal liability theory of liability. Viewing the complaint in a light most favorable to Bynum, there are not sufficient facts to establish that any of the supervisor defendants were personally involved in a constitutional violation.

As noted, the City does not speak to whether the supervisor defendants may also be liable if they, with deliberate indifference to causing a constitutional harm, created or maintained a policy or custom of triple celling. The United States Court of Appeals for the Third Circuit has adopted a test to evaluate whether supervisors are liable under § 1983 for deliberate indifference to an unconstitutional policy or practice. "The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)); *See also Barkes*, 766 F.3d at 330. The court in *Brown* highlighted that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." *Brown* at 216 (citing *Sample*, 885 F.2d at 1118). A plaintiff must specifically identify

the acts or omissions of the supervisors that show deliberate indifference, and suggest to the Court a relationship between the "identified deficiency" of a policy or custom and the injury suffered. *Id.*

The complaint does not allege a policy of housing inmates in overcrowded cells. Indeed, nowhere in the text of the complaint does Bynum state facts that might establish a practice or custom (for example, the complaint does not reflect that other inmates suffered similar circumstances). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (Plaintiff's complaint did not "allege other inmates suffered similar deprivations. . . that might establish a custom") (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (Custom may be proven by showing that a specific course of conduct is "well-settled and permanent," even if that conduct is not expressly endorsed by a written rule)).

In sum, even construing Bynum's complaint liberally, I conclude that the facts as alleged are not enough to support a claim that he was incarcerated under unconstitutional conditions. Moreover, Bynum has not set out any facts to establish supervisor liability under either the "direct participation" or "deliberate indifference to an unconstitutional policy or practice" tests. As a result, the City's motion to dismiss will be granted.

## IV.    Leave to Amend

After a motion to dismiss has been filed, a District Court should inform a plaintiff he has leave to amend his complaint within a set period of time, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. It is conceivable that Bynum could amend his complaint to (1) more clearly detail specific facts to support a claim that his constitutional rights were violated due to prison conditions during his incarceration, and (2) to state a viable claim of supervisor liability for

injuries he may have suffered as a result of triple celling. Consequently, Bynum will be granted leave to amend his complaint.

## V.        Conclusion

For the reasons discussed above, the Court will grant the City's motion to dismiss plaintiff's triple celling claim. Bynum will be granted leave to amend his complaint. An appropriate order follows.